ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. REA. (No. 1950.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 29, 1918. Rehearing Denied April 18, 1918.)

**1. NEGLIGENCE ⬤═28—USE OF PREMISES.**

An obligation rests upon the owner of premises devoted to business purposes to take reasonable care to keep them safe for the protection of persons coming upon them.

**2. RAILROADS ⬤═409—INJURY TO ANIMALS— FREIGHT FACILITIES.**

Railroad's duty to make freight unloading points as safe as reasonable care will make them does not make it liable for the unsafe condition of parts of the premises not intended for public use, and into which the public is not invited.

**3. RAILROADS ⬤═447(1)—INJURY TO ANIMALS —FREIGHT FACILITIES—INSTRUCTIONS.**

In action for injuries to mule on railway track, instruction that the railroad must provide a reasonable approach to freight unloading points, and that plaintiff, hauling material from cars, had a right to use the most reasonable and convenient approach, whether provided by the railroad or not, was erroneous.

Appeal from Navarro County Court; H. E. Traylor, Judge.

Action by L. S. Rea against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The consignees had the appellant company to place cars of gravel at Jester switch to be unloaded. Appellee used his team in hauling the gravel from the cars to the public road; and, in crossing the main line track, one of the mules caught his right foot between the rail and a protruding spike in the cross-tie and was injured. The action was for damages to the mule. At a siding called Jester switch on appellant's road the main track runs east and west. A public road running north and south intersects the track. A spur track connects with the main track at the point of the crossing, and runs on the south side of and about 21 feet from the main track in a westerly direction for about 170 yards. The west end of the spur track is open, and does not connect with the main track. A private road running north and south crosses the main track directly by the west end of the spur track. A platform for loading and unloading cars is situated on the south side of and adjacent to the spur track, and about 70 yards distant from the east end of it. There were two piles or more of cordwood stacked near and parallel to the spur track, and situated about 8 feet from the west end of the platform. The cars were placed on the spur track near the platform. Appellee claims that the gravel cars were so placed on the side track as to be, by reason of the above surroundings, inconvenient and inaccessible by other approaches than the one undertaken to be used by the driver of the team. The way used by the driver of the team was a way made by the haulers of the gravel leading from the gravel cars in a northerly direction across the main line track, then to the public road. The way by the platform on the south side of the side track was not used by the plaintiff's driver because, as claimed, of inconvenience in use. The verdict and judgment were in favor of plaintiff.

R. S. Neblett and Adair Dyer, both of Corsicana, for appellant. Dexter Hamilton

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and Ormond Simpkins, both of Corsicana, for appellee.

LEVY, J. (after stating the facts as above). The appellant pleaded as a defense that at the time of the injury to the mule the driver of the team was using a portion of the premises not provided by the railway company as a crossing or approach to the platform or cars of gravel. And error is predicated upon the court's charge, reading, in part, as follows:

"You are further instructed that a person engaged in the lawful occupation of hauling material from cars placed on a railway track has a right to use the most reasonable and convenient approach to said cars, and is not required to use an unreasonable and inconvenient approach if a more reasonable and convenient approach is obtainable; and it is the duty of the railroad company to provide a reasonable and convenient approach if same can be done, and in determining this point you have a right to consider the condition of the tracks and grounds and the obstructions, if any, surrounding the cars to be unloaded."

[1-3] The effect of the court's charge was to tell the jury that, if the way provided by the railway was not a convenient and reasonable approach to the cars to be unloaded, the plaintiff had the right to choose and use "the most reasonable and convenient approach to said cars." An obligation rests upon the owner of premises devoted to business purposes to take reasonable care to keep them safe for the protection of persons coming upon them. But this duty does not extend so far as to make the company responsible for the unsafe condition of those parts of the premises not intended for use by the public, and where they are not expected or invited to go. And unless there be a justifying necessity to escape from injury or a defect in the usual way provided, the plaintiff would have no right to use a way of his own selection. The charge, on the facts, was erroneous in authorizing the plaintiff to go a way of his own selection because it was "the most reasonable and convenient approach to said cars."

Judgment reversed and cause remanded.